**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Newport News Division**

UNITED STATES OF AMERICA

v.   NO. 4:05cr89

JOSE GRANADOS,

      Defendant.

<u>ORDER</u>

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), the Court held a hearing on November 16, 2005, on the United States Government's Motion to Detain the defendant. The Court FINDS that the following facts mandate the defendant's detention pending his trial.

On November 15, 2005, a federal grand jury issued an indictment charging the defendant with: one count of conspiracy to possess with intent to distribute, and to distribute, cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and (b)(1)(B); two counts of possession with intent to distribute cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); two counts of distribution of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); four counts of carrying a firearm during, and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1); and two counts of possession with intent to distribute

cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).  The defendant having been indicted, a presumption in favor of detention applies in this case because one or more of the charged offenses involves a violation of the Controlled Substances Act, 21 U.S.C. §§ 801-864, with a maximum prison term of life.[1]  See 18 U.S.C. § 3142(e).  The defendant is also subject to criminal forfeiture pursuant to 21 U.S.C. § 853.

Both parties proceeded by proffer of evidence and offered argument.  The Court, having taken into consideration the proffers of counsel, the pretrial services report, the grand jury indictment of November 15, 2005, and the statutory presumption in favor of detention, FINDS by clear and convincing evidence that the defendant is a danger to the community and FINDS by a preponderance of the evidence that he represents a risk of flight.  The Court further FINDS that there is no condition or combination of conditions that will reasonably assure the safety of the community and the defendant's appearance for future proceedings.

The Court considered the nature and seriousness of the charges faced by the defendant.  If convicted on evidence beyond a reasonable doubt at trial, the defendant faces life imprisonment and a four million dollar fine on the various drug and drug

---

[1] The Court notes that the defendant did proffer evidence to rebut the statutory presumption in favor of detention, but that presumption still remains a factor to be considered by the Court in evaluating whether the defendant should be detained. United States v. Jessup, 757 F.2d 378, 381 (1st Cir. 1985).

2

conspiracy charges, which the Court deems serious.

The weight of the evidence against the defendant is strong. The Government has proffered detailed evidence of the defendant's involvement in the conspiracy and in the distribution and attempted distribution of controlled narcotics. In particular, the Government proffered evidence that, when arrested by police during a routine traffic stop, defendant was in the possession of a knife and a firearm as well as a substantial quantity of cocaine, packaging materials, and $426.00 in cash. The Government also proffered that the defendant has threatened to kill a witness and had made plans to leave the country.

The Court next considered the personal history and characteristics of the defendant. Defendant is a 39 year old citizen of Mexico who is currently a legal resident of the United States. Although defendant is the widower of a U.S. citizen with whom he had one child, he has substantial family ties to Mexico, where his parents and five sisters live. Defendant's only personal tie in the United States is an 18 year old woman who, despite denying that the defendant has ever lived with her in her mobile home, is apparently willing to serve as his third-party custodian and to allow him to reside there with her. Defendant's employment as a commercial fisherman is sporadic; he has been unemployed due to his incarceration on state charges since June, 2005. At present, defendant has no income and his only asset is a used

automobile.

Defendant admits that he has a substance abuse problem and that he has used cocaine to excess in the past.

Defendant's criminal history includes convictions for seven misdemeanors, one of which involves possession of marijuana and two of which involve firearms.

The Court considers the defendant to pose a danger to the community due to his apparent involvement in the sale and distribution of drugs. The Court notes that the cost of having to defend against the charges facing him provides the defendant with an incentive to continue dealing drugs if released. See United States v. Williams, 753 F.2d 329, 335 (4th Cir. 1985) (noting that, due to the nature of the charges, the potential for pretrial recidivism exists in accused drug dealers).

The Court also considers the defendant to be a risk of flight. Without suggesting a finding as to guilt or innocence, the Court notes that the Government has proffered detailed evidence of the crimes alleged. If convicted at trial upon evidence beyond a reasonable doubt, the defendant faces what amounts to a life sentence in prison and a substantial fine on the significant drug and drug conspiracy charges. When combined with the weight of the evidence, the penalties faced by the defendant provide him with an incentive to flee if released. Accordingly, the Court concludes that the defendant poses a risk of flight.

In view of the facts as set forth above, the Court FINDS by clear and convincing evidence that the defendant represents a danger to the community and FINDS by a preponderance of the evidence that he represents a risk of flight. The Court further FINDS that no condition or combination of conditions will reasonably assure the safety of the community or the appearance of the defendant. The Court also doubts that the community could be adequately protected given the extent of the defendant's apparent involvement in the drug trade.

The Court, therefore, ORDERS the defendant DETAINED pending his trial. See 18 U.S.C. § 3142(e) and (f); United States v. Gebro, 948 F.2d 1118, 1121 (9th Cir. 1991); United States v. Araneda, 899 F.2d 368, 370 (5th Cir. 1990); United States v. Jackson, 823 F.2d 4, 5 (2d Cir. 1987); United States v. Medina, 775 F.2d 1398, 1402 (11th Cir. 1985).

Consequently, the Court further ORDERS the defendant committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the

United States Marshal for an appearance in connection with a court proceeding.

The Clerk shall mail or deliver a copy of this order to (i) the United States Attorney at Norfolk, (ii) the United States Marshal at Norfolk, (iii) the United States Pretrial Services Office at Norfolk, and (iv) counsel of record for the defendant. ENTERED this 28th day of November, 2005.

                                        _____/s/_____
                                        F. Bradford Stillman
                                        United States Magistrate Judge